**EDWARD R. SCHWARTZ, CA Bar No. 147553**
ers@cph.com
**DAVID A. DILLARD, CA Bar No. 97515**
dad@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs,
BLUMENTHAL DISTRIBUTING, INC.
d/b/a OFFICE STAR; and
BED BATH & BEYOND, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. D/B/A OFFICE STAR; AND BED BATH & BEYOND, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>HERMAN MILLER, INC., <br><br>Defendant. | Case No. 5:14-cv-01926 <br><br>**COMPLAINT FOR A DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

Plaintiffs Blumenthal Distributing, Inc. and Bed Bath & Beyond, Inc. allege as follows:

**PARTIES**

1. Plaintiff Blumenthal Distributing, Inc. which does business under the trade name Office Star ("Office Star") is a corporation organized and existing under the laws of the State of California having a principal place of business at 1901 South Archibald Avenue, Ontario, California 91761.

2. Plaintiff Bed Bath & Beyond, Inc. ("BB&B") is a corporation organized and existing under the laws of the State of New York having a

principal place of business at 650 Liberty Avenue, Union, New Jersey 02803.

3. On information and belief, defendant Herman Miller, Inc. ("Herman Miller") is a corporation organized and existing under the laws of the State of Michigan having a principal place of business at 855 East Main Avenue, Zeeland, Michigan 49464.

## JURISDICTION AND VENUE

4. This is an action seeking a declaratory judgment of non-infringement of Defendant's registered and unregistered trade dress with jurisdiction vested in this Court by virtue of 28 U.S.C. §§1338, 2201 and 2202.

5. Venue in this District is proper pursuant to 28 U.S.C. §§1391(b) and (c) because a) Herman Miller resides in this judicial district; b) a substantial part of the events giving rise to Plaintiff's claims occurred in this district; and c) Herman Miller is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

6. Office Star has been engaged for many years and is presently engaged in the design and distribution of office furniture. Office Star's products are sold throughout the United States in various channels of trade including retail stores. BB&B is a retail distributor of some of Office Star's office chairs.

7. Office Star distributes numerous styles of office chairs including chairs designated by the trademarks Space Seating 529 Series; 839; OSP Furniture Hospitality Seating; Office Star Products Mid Back Eco Leather Chair with Arms; Office Star Products Mid-Back Chair without Arms; and Lumi Source Bachelor Office Chair (collectively the "Accused Chairs").

8. On or about December 13, 2013, Office Star received a letter from Herman Miller alleging that Office Star's Space Seating 529 Series chairs, the 839 chair, and all of the OSP Furniture Hospitality Seating chairs infringe Herman Miller's registered and unregistered trade dress rights. A true copy of the December 13, 2013 letter is attached hereto as Exhibit A.

-2-

9. On January 9, 2014, Office Star responded to Herman Miller's cease and desist letter explaining why the chairs accused in the December 13 letter do not infringe Herman Miller's trademark rights. A true copy of the January 9, 2014 letter is attached hereto as Exhibit B.

10. On February 24, 2014, Office Star received a letter from Herman Miller rejecting Office Star's arguments of non-infringement and repeating the demands contained in Herman Miller's December 13, 2013 letter. A true copy of the February 24, 2014 letter is attached hereto as Exhibit C.

11. On August 18, 2014, BB&B received a letter from Herman Miller dated August 13, 2014 alleging that BB&B's sales of the Office Star Products Mid Back Eco Leather Chair with Arms, Office Star Products Mid Back Chair without Arms, and Office Star's Lumi Source Bachelor Office Chair infringe Herman Miller's registered and unregistered trade dress rights. Herman Miller demanded that BB&B cease advertising and selling these chairs. A true copy of the August 13, 2013 letter is attached as Exhibit D.

12. As a result of Herman Miller's cease and desist letters, Plaintiffs have a reasonable apprehension that continued sale of the Accused Chairs will result in litigation brought by Herman Miller. The fact that Herman Miller has rejected Office Star's arguments of non-infringement and has sent a cease and desist letter to one of the Office Star's customers, BB&B creates a controversy concerning the infringement issue.

13. An actual controversy between Plaintiffs and Herman Miller as to whether Plaintiffs' sale of the Accused Chairs constitutes trade dress infringement.

14. Without relief from the Court, Plaintiffs would risk being sued for trade dress infringement by Herman Miller despite Office Star sold the Accused Chairs for years. It is therefore appropriate for the Court to exercise its discretion

-3-

under the Declaratory Judgment Act and declare that Plaintiffs' sales of the Accused Chairs have not infringed any of Herman Miller's registered or unregistered trade dress rights.

### FIRST CLAIM FOR RELIEF

15. Plaintiffs re-alleges and incorporates herein the allegations contained in paragraphs 1 through 14 above.

16. None of the Accused Chairs has a trade dress which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Plaintiffs or either of them with Defendant or as to the origin, sponsorship, or approval of the Accused Chairs or any of them by Defendant.

17. Plaintiffs are entitled to and seek at this time a judicial declaration that none of the Accused Chairs infringe Defendant's asserted trade dress rights.

WHEREFORE, Plaintiffs Office Star and BB&B pray for judgment against Herman Miller as follows:

1. An order declaring that Plaintiffs' importation, advertising, depiction, offering for sale, and/or selling of any of the Accused Chairs does not infringe Herman Miller's trade dress rights;

2. An award of all costs, including attorney's fees, incurred in this action; and

3. Such other and further relief as the Courts deems just and proper.

DATED: September 16, 2014            Respectfully submitted,
                                     CHRISTIE, PARKER & HALE, LLP

                                     By /s/ Edward R. Schwartz
                                           Edward R. Schwartz

                                     Attorneys for Plaintiffs,
                                     BLUMENTHAL DISTRIBUTING, INC.
                                     d/b/a OFFICE STAR; and
                                     BED BATH & BEYOND, INC.

LLB PAS1317557.1-*-09/16/14 6:09 PM