# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. D/B/A OFFICE STAR, | Case No: 5:14-cv-01926-JAK-SPx |
| *Plaintiff*, | |
| v. | **FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| HERMAN MILLER, INC., | |
| *Defendant*. | <mark>**JS-6**</mark> |
| | |
| HERMAN MILLER, INC, | |
| *Counterclaim-Plaintiff*, | |
| v. | |
| BLUMENTHAL DISTRIBUTING, INC. D/B/A OFFICE STAR; FRIS OFFICE OUTFITTERS, INC.; iFURN.com, INC. D/B/A OFFICESTAR-FURNITURE-DIRECT.COM; GAMESIS, INC. D/B/A OFFICESTARSTORE.COM and D/B/A TSCSHOPS.COM, | |
| *Counterclaim-Defendants*. | |

On October 7, 2016, the Jury returned a Special Verdict (Dkt. 344, "Verdict") concerning Herman Miller, Inc.'s ("Herman Miller") claims against Blumenthal Distributing, Inc. ("Office Star") of trade dress infringement and dilution of Herman Miller's Eames Aluminum Group ("Eames") chair design, and Herman Miller's Aeron chair design.

As to the Eames chair, the Jury found that Office Star had willfully infringed Herman Miller's asserted registered and unregistered trade dress rights in both the Thin Pad and Soft Pad versions of the chair. The Jury awarded $3.3 million in infringement damages. The Jury also found that the Eames trade dress was famous and suffered dilution, and awarded an additional $5.1 million in dilution damages. On August 1, 2017, following post-trial motion practice, the Court issued an Order substantially upholding the Jury's Verdict, but ordering that Herman Miller either accept a remittitur of the dilution damages to $3 million, or request a new trial on dilution damages. On August 8, 2017, Herman Miller accepted a remittitur of the dilution damages to $3 million. The Court's August 1 Order also approved a permanent injunction against further infringement by Office Star in the United States and Canada, and ordered an accounting of Office Star's infringing profits earned since September 9, 2016 (the last date up until which profits had previously been reported).

The Jury's Verdict separately found that Herman Miller's asserted registered and unregistered trade dress rights in the Aeron chair were not protectable on grounds of functionality as to both the asserted registered and unregistered trade dress rights, and lack of secondary meaning as to the asserted unregistered trade dress rights. In the August 1 Order, the Court upheld the Jury's finding of functionality as to both the asserted registered and unregistered trade dresses, but overturned the Verdict as to secondary meaning of the asserted unregistered trade dress, and found that the Court was without subject matter jurisdiction to pronounce any judgment as to the Posture Fit version of the Aeron chair design.

Separately, by order dated October 10, 2018 the Court adopted the Magistrate Judge's Report and Recommendations as to an award of attorneys' fees and costs to Herman Miller in

the amount of $264,436.26 stemming from the discovery disputes raised in Herman Miller's motion.

The Court now enters FINAL JUDGMENT and PERMANENT INJUNCTION as follows:

## JUDGMENT AS TO AERON

(1) Judgment is entered against Herman Miller and in favor of Office Star as to the unprotectability of the asserted registered and unregistered Aeron chair trade dresses, except that the Court is without subject matter to enter judgment as to the Posture Fit version of the Aeron chair trade dress.

(2) Judgment is entered against Herman Miller and in favor of Office Star as to the validity of U.S. Trademark Registration No. 2,754,826.

(3) The Jury's Verdict as to lack of secondary meaning is vacated, and judgment is entered in Herman Miller's favor as to secondary meaning.

## DAMAGES WITH RESPECT TO EAMES

1) Judgment is entered against Office Star and in favor of Herman Miller as to validity and infringement of U.S. Trademark Reg. No. 3,105,591 under 15 U.S.C. § 1114, and as to validity and infringement of the asserted unregistered Eames trade dresses under 15 U.S.C. § 1125(a), in the amount of $3,378,966, which reflects $3.3 million awarded by the Jury for the time period up until September 9, 2016, as well as $78,966 in additional infringing profits earned by Office Star since that time. The Court retains jurisdiction to amend this Judgment as necessary to account for any additional damages.

(2) Judgment is entered against Office Star and in favor of Herman Miller for trade dress dilution under 15 U.S.C. §1125(c) in the amount of $3 million.

(3) Office Star shall be liable to Herman Miller for post-judgment interest in the amount set by statute pursuant to 28 U.S.C. § 1961.

## PERMANENT INJUNCTION WITH RESPECT TO EAMES

(1) Office Star is permanently enjoined in the United States and Canada from selling, marketing, advertising, promoting, shipping, transferring, distributing – or otherwise inducing or contributing to the foregoing activities – any of the following model numbers of chairs identified in the Jury Verdict, or any colorable imitations thereof:

> 73631, 73633, 73632, 73638, 73639, 74613LT, 74123LT, 74612LT, 74618LT, 73129LT, 74603LT, 74023LT, 74602LT, 74608LT, 73029LT, 74653, 74523, 74652, 74658, 73529, 73603, 73023, 74023, 74123, 74603, 74613, 7360M, 7361M, 7360MLT, 7361MLT, 78603LT, 78023LT, EC39890C-EC3, EC39891C-EC3, EC39895C-EC3

(2) Office Star is permanently enjoined in the United States and Canada from selling, marketing, advertising, promoting, shipping, transferring, distributing – or otherwise inducing or contributing to the foregoing activities – any chair that is a copy or colorable imitation of any Herman Miller Eames Aluminum Group chair, images of which are appended hereto from Trial Exhibit 1314, or other chair products so similar to the Eames chair designs as to be likely to cause confusion, to cause mistake or to deceive or to dilute the distinctive quality of the Eames chair designs.

(3) This Injunction shall not apply to any conduct that is expressly authorized by Herman Miller.

(4) The Court shall retain jurisdiction to administer the Injunction and ensure compliance therewith, whether by contempt proceedings or as otherwise necessary.

## JUDGMENT AS TO DISCOVERY SANCTIONS

Judgment is entered against Office Star and in favor of Herman Miller for discovery sanctions in the amount of $264,436.26.

///

///

Combined with the other amounts recited above, the total award to Herman Miller on this judgment is $6,643,402.26.

IT IS SO ORDERED.


Dated: October 29, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Appendix to Final Judgment

# HERMAN MILLER
# EAMES CHAIRS

(Source: Trial Exhibit 1314)

**⊙HermanMiller**

# EAMES
## Thin Pad Management Chair







# HermanMiller

## EAMES
## Thin Pad Management Chair
### (color variant examples)

 

 

 

# ⊙HermanMiller

# EAMES
## Thin Pad Management Chair
### ("Cygnus" Upholstery)











![HermanMiller] **EAMES**

## Thin Pad Cygnus Management Chair (black frame)











# EAMES
## Thin Pad Side Chair









# EAMES
## Thin Pad Side Chair (white)







**⊙HermanMiller**

# EAMES
## Thin Pad Executive Chair







# EAMES
## Thin Pad Executive Chair (white)







# HermanMiller

## EAMES
## Thin Pad Executive Chair
## ("Cygnus" Upholstery)









# HermanMiller

## EAMES
### Thin Pad Executive Chair (black frame)

**HermanMiller**

# EAMES
## Thin Pad Lounge Chair







**⊌HermanMiller**

# EAMES
# Soft Pad Management Chair







# EAMES
## Soft Pad Management Chair (white)




**⏻HermanMiller**

# EAMES
## Soft Pad Side Chair







# HermanMiller

# EAMES
## Soft Pad Side Chair (white)







# EAMES
## Soft Pad Executive Chair







# HermanMiller

## EAMES
## Soft Pad Executive Chair (white)




**HermanMiller**

# EAMES
# Soft Pad Lounge Chair





